[997 NYS2d 627]

In the Matter of STELLA MEDNIK, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 31, 2014

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

By decision and order on application of this Court dated April 11, 2014, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts was authorized to institute and prosecute a disciplinary proceeding against the respondent based on a petition dated December 10, 2013. The respondent was directed to serve an answer to the petition within 20 days after service upon her of a copy of the decision and order on the application, and the issues raised were referred to the Honorable Harry E. Seidell, as Special Referee, to hear and report.

The petition contained charges alleging that the respondent engaged in the unauthorized practice of law by continuing to practice law after the date of her suspension, failed to cooperate with the Grievance Committee's investigation, and failed to file an affidavit of compliance with this Court's opinion and order dated May 17, 2011. With regard to the charges alleging unauthorized practice of law, it was alleged that she advised a client in a divorce action, accepted legal fees to represent that client, and refused to issue a refund upon the client's demand after the client learned of her suspended status. It was further alleged that, in a separate personal injury matter, she negotiated a settlement.

On April 17, 2014, the respondent was personally served with a notice of petition dated April 15, 2014, a copy of this Court's decision and order on application dated April 11, 2014, and a copy of the petition dated December 10, 2013. To date, the respondent has failed to either serve an answer to the petition or request additional time in which to do so.

The Grievance Committee now moves, upon her default, to deem the charges against the respondent established, and to impose such discipline upon her as this Court deems appropriate. On May 20, 2014, the respondent was served with the motion papers. To date, the respondent has neither responded to the motion nor requested additional time in which to do so.

Accordingly, the Grievance Committee's motion is granted, the charges in the petition are deemed established, and, effective immediately, the respondent is disbarred and her name is stricken from the roll of attorneys and counselors-at-law.

ENG, P.J., MASTRO, RIVERA, SKELOS and DICKERSON, JJ., concur.

Ordered that the Grievance Committee's motion is granted upon the respondent's default; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Stella Mednik, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Stella Mednik, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Stella Mednik, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Stella Mednik, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).